CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOMINIQUE HERMAN ADAMS,<br>Petitioner,<br><br>v.<br><br>WARDEN BRYAN B. WATSON,<br>Respondent. | Civil Action No. 7:10-cv-00383<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Petitioner Dominique Herman Adams, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 convictions and sentence in the Roanoke City Circuit Court. The court finds that Adams' petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

**I.**

On October 15, 2003, the Roanoke City Circuit Court entered judgment against Adams, convicting him of two counts of statutory burglary, robbery, and malicious wounding, and sentencing him to a total term of 30 years incarceration. Adams did not appeal. However, Adams filed a state habeas corpus petition in the Supreme Court of Virginia on May 24, 2010, which the court dismissed on August 10, 2010 as untimely filed. Adams filed his federal habeas petition in this court on August 26, 2010. The court conditionally filed his petition, advised him that the petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

**II.**

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Adams did

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

not meet this one-year statute of limitations. Adams had 365 days from November 14, 2003, the date on which his conviction became final, to file his federal habeas petition. Adams did not meet this November 13, 2004 deadline; in fact, by that date, Adams had yet to file his state habeas petition.[2] Accordingly, Adams' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3]

Adams argues that the statute of limitations should be tolled because he suffers from depression and has a "borderline level of intelligence." However, the court finds that Adams' allegations are insufficient to warrant equitable tolling.

In <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004), the court stated that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," and it concluded that Sosa's asserted condition -- schizoaffective disorder and generalized anxiety disorder -- did not rise to this level. <u>Id.</u> at 513.

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Adams has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Adams' conviction became final on November 14, 2003, 30 days after the Circuit Court entered judgment and when his time to file an appeal expired.

[2] Adams' one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Adams no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002); <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Consistent with Sosa, other circuits have concluded that in certain circumstances mental incapacity can warrant equitable tolling; however, those courts have also found that "mental incompetence is not a per se reason to toll a statute of limitations." McSwain v. Davis, 287 F.Appx 450, 456 (6th Cir. 2008) (citations omitted); see also Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001). Rather, to prove entitlement to equitable tolling, a petitioner "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." McSwain, 287 F.Appx at 456 (citations omitted). Thus, a bare assertion that a petitioner suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005). Similarly, proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling. A petitioner must also allege facts sufficient to demonstrate the existence of "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing . . . ." Rios v. Mazzuca, 78 F.Appx 742, 743 (2d Cir. 2003) (citing Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)). Unfamiliarity with the legal process, lack of representation, or illiteracy does not ordinarily constitute grounds for equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). In this case, despite being the opportunity to amend his petition, Adams has not alleged how his depression and borderline level of intelligence affected his ability to timely file his petition. Therefore, the court finds that Adams has not demonstrated grounds for equitable tolling.

### III.

For the reasons stated, the court dismisses Adams' petition as untimely.

ENTER: This __14th__ day of October, 2010.

United States District Judge

3